**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| ELI LILLY AND COMPANY,<br><br>         Plaintiff,<br><br>v.<br><br>HYDRAMED IV LLC,<br><br>         Defendant. | Case No. 1:24-cv-01715-CNS-STV |

**<u>FINAL JUDGMENT AND PERMANENT INJUNCTION</u>**

WHEREAS, Plaintiff Eli Lilly and Company ("Lilly") and Defendant HydraMed IV LLC ("Defendant") (collectively, the "Parties") have stipulated and agreed that this Final Judgment and Permanent Injunction (the "Permanent Injunction") be entered in the present action as set forth below without further notice or process; and

WHEREAS, Lilly filed its Complaint in this action on June 20, 2024, and Defendant was served with the Complaint; and

WHEREAS, the Parties have agreed to settle and resolve this matter without any further formal proceedings herein, and, as indicated by the signatures below, have consented to the entry of this Permanent Injunction in connection with such resolution of this action; and

WHEREAS, the Court finds good cause therefor;

NOW, THEREFORE, by stipulation and agreement of the Parties, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367(a), and Defendant is subject

to the jurisdiction of this Court.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

2.      Lilly's Complaint alleges causes of action against Defendant for trademark infringement, false designation of origin, unfair competition, and false and misleading advertising and promotion in violation of 15 U.S.C. §§ 1114 and 1125, C.R.S. § 6-1-101 *et seq.*, and Colorado common law.

3.      Lilly has adopted and used, and has valid and enforceable rights in and to, the trademarks MOUNJARO® and ZEPBOUND® (the "Lilly Marks") for pharmaceutical products.

4.      The federal trademark registrations for the Lilly Marks identified below are valid, subsisting, and enforceable:

| Mark | Reg. No. | Issue Date | Goods |
|------|----------|-----------|-------|
| MOUNJARO | 6,809,369 | August 2, 2022 | Pharmaceutical preparations (class 5) |
| MOUNJARO | 7,068,463 | May 30, 2023 | Medical information services in the field of diabetes (class 44) |
| ZEPBOUND | 7,288,373 | January 23, 2024 | Pharmaceutical preparations (class 5) |

5.      Defendant, its officers, directors, shareholders, owners, agents, servants, and employees, and all those in active concert or participation with them, are hereby PERMANENTLY ENJOINED from:

      a.  Using the Lilly Marks or any mark confusingly similar to them, in connection with the advertising, promoting, marketing, selling or offering for sale of any Compounded Drugs or otherwise engaging in any activity that is likely to cause confusion, cause mistake, or deceive or otherwise infringe any rights of Lilly in the Lilly Marks or any mark confusingly similar to them; and

      b.  Advertising, stating or suggesting (including through the internet or through any social media) that Defendant's Compounded Drugs are genuine or generic versions of MOUNJARO® or ZEPBOUND®, that Defendant is associated or connected in any way with Lilly or its products, or that Defendant's Compounded Drugs are approved by the FDA, have been the subject of clinical studies, or achieve certain therapeutic outcomes;

3

6.      IT IS FURTHER ORDERED that, for a period of twelve (12) months from the date of entry of this Final Judgment, Defendant shall disclose, in all advertisements, social media statements, press releases, articles, website, or interviews for any compounded tirzepatide products the following statement: "Compounded versions of tirzepatide are not associated with Eli Lilly & Company and/or its genuine MOUNJARO® and/or ZEPBOUND® products. Compounded versions of tirzepatide are not FDA-approved, and neither the FDA nor any global regulatory agency has reviewed these products for safety, quality, or efficacy." However, Defendant shall not have to make such disclosures solely to the extent they are factually untrue at the time such disclosures are made.

7.      Each party shall bear its own attorney's fees and costs in connection with this Action.

8.      This Permanent Injunction shall be deemed to have been served on Defendant and all of its subsidiaries, affiliates, divisions, operating companies, related entities, officers, agents, servants, employees and attorneys as of the date of entry hereof by the Court.

9.      This Court shall retain jurisdiction to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and/or enforce the provisions of this Permanent Injunction and the Parties' confidential settlement agreement, including disputes related thereto.

Dated this 11th day of September 2024.

By the Court

_____
Charlotte N. Sweeney
United States District Judge

CONSENTED TO:

_s/ Daniel N. Guisbond_                              _s/ Kimberly P. Stein_

Daniel N. Guisbond                                      Kimberly P. Stein, Esq.
WHEELER TRIGG O'DONNELL LLP               FLANGAS LAW GROUP
370 Seventeenth Street, Suite 4500              3275 South Jones Blvd., Suite 105
Denver, Colorado 80202                              Las Vegas, Nevada 89146
Telephone: (303) 244-1800                          Telephone: (702) 971-2258
Facsimile: (303) 244-1879                           kps@fdlawlv.com
guisbond@wtotrial.com

                                                              _Attorneys for Defendant_
Joshua L. Simmons                                     _HYDRAMED IV LLC_
Jeanna M. Wacker
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.simmons@kirkland.com
jeanna.wacker@kirkland.com

Diana M. Watral
James F. Hurst
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
diana.watral@kirkland.com
james.hurst@kirkland.com
_Attorneys for Plaintiff_
_ELI LILLY AND COMPANY_

5